# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SAMANTHA GERRARD,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ACARA SOLUTIONS INC.,** a New York company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Samantha Gerrard ("Gerrard" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Acara Solutions, Inc. d/b/a/ Superior Group ("Superior Group" or "Defendant") to stop Superior Group from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to other obtain injunctive and monetary relief for all persons injured by Superior Group's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.  Superior Group is a staffing and recruiting company that solicits consumers for jobs on behalf clients needing employees.[1]

2.  As one of its primary means of soliciting consumers for job openings, Superior Group uses text message telemarketing.

---

[1] As of March 9, 2018 Superior Group changed its corporate name from Superior Talent Resources, Inc. to Acara Solutions, Inc.

3.  In fact, although Superior Group uses an autodialer to send these text message job notifications, it does not acquire the consent necessary to send these autodialed text messages to consumers that have not affirmatively engaged Superior Group for their job services.

4.  In Plaintiff's case, Superior Group sent well over 240 unsolicited, unwanted autodialed text messages. More than 210 of those text messages were sent on one day, despite 2 demands by Plaintiff for the text messages to stop.

5.  In response to these texts, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease sending unsolicited text messages to consumers' cellular telephone numbers using an automatic telephone dialing system , as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

6.  Plaintiff Gerrard is a Palatine, Illinois resident.

7.  Defendant Acara Solutions, Inc. d/b/a Superior Group is a New York company headquartered in Williamsville, New York. Defendant conducts business throughout this District, the State of New York, and throughout the United States.

**JURISDICTION AND VENUE**

8.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9.  This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, does significant business here and throughout the state of New York, and because the wrongful conduct giving rise to this case occurred in and/r was directed from this District.

2

## COMMON ALLEGATIONS

### Superior Group Markets its Services by Sending Autodialed
### <u>Text Messages to Consumers' Cellular Phone Numbers Without Consent</u>

10. Since 1989, Superior Group has been working with Advanced Personnel Systems, Inc., (APS) maker of SmartSearch®, a recruiting business software. Superior Group uses SmartSearch®, a recruiting business software to mass-text solicitations for job openings to consumers.[2]

11. Plaintiff Gerrard received text messages from 844-244-4966, which is a number associated with SmartSearch.[3]

12. In placing the calls/texts that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer"). Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

13. According to the Federal Communications Commission in its 2012 order, the TCPA requires prior express consent for all autodialed text messages to cellular phone numbers. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. Yet in violation of this rule, Defendant fails to obtain express consent prior to sending autodialed text messages to cellular telephone numbers such as Plaintiff's.

---

[2] https://www.prweb.com/releases/2012/8/prweb9851425.htm
[3] When one calls the phone number that is sending out the text messages 844-244-4966 a pre-recorded message states "This is a text only line." *See* https://whocallsinfo.com/8442444966

## PLAINTIFF'S ALLEGATIONS

### Superior Group Repeatedly Texted Plaintiff's
### Cell Phone Number Without Plaintiff's Consent

15. Plaintiff has never engaged Superior Group to assist help her find a job.

16. Notwithstanding, starting in early 2018, Superior Group started sending text message solicitations to Plaintiff on behalf of Superior Group's business customers. Plaintiff responded to these texts by demanding that Defendant stop texting her.

17. Despite Plaintiff's demand that Superior Group stop texting her, Defendant continued to send unsolicited, unwanted autodialed text messages to Plaintiff soliciting her for job offers.

18. On July 10, 2018, Superior Group sent Plaintiff over 210 autodialed text messages throughout the day to her cellular phone. The majority of the text messages contained exactly the same text, as is shown in the following screenshots:



4

19. At 12:43 PM on July 10, 2018, Plaintiff sent a text message to 844-244-4966, again demanding that the text messages stop:



20. Despite what was her second request for the text messages to stop, Plaintiff continued to receive text messages throughout the day:



21. Plaintiff does not have a relationship with Superior Group and has never consented to any contact from Defendant.

22. Simply put, Superior Group did not obtain Plaintiff's prior express consent to send autodialed text messages to her on her cellular telephone using an autodialer.

23. On information and belief, Defendant, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of

5

thousands of consumers. To the extent the text messages were sent on Defendant's behalf to consumers, Defendant provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

24. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that substantively identical texts were sent to multiple recipients, that multiple texts were sent to the same recipient, and that they were sent from a long code, which is consistent with the use of an automatic telephone dialing system to send text messages.

25. The unauthorized autodialed text messages sent by Superior Group, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Gerrard's use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

26. Seeking redress for these injuries, Plaintiff Gerrard, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims
Arising From Text Messages Sent by Superior Group**

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) on the person's cellular telephone, (3) using an autodialer, (4) without consent.
>
> **Autodialed Stop Class**: All persons in the United States who from four years prior to the filing of this action through the present: (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive texts from Defendant.

28.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

29.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

7

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Classes;
>
> (b) whether Defendant placed autodialed text messages to Plaintiff and members of the Classes without first obtaining prior express consent to send the texts;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action

8

provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

33. Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint and incorporates them by reference.

34. Defendant and/or its agents sent unwanted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

35. These text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

36. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed Stop Class)

37. Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint and incorporates them by reference.

38. Defendant and/or its agents sent unwanted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class after being told to stop texting.

39. These solicitation text messages were sent out en masse.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gerrard, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**SAMANTHA GERRARD**, individually and on behalf of those similarly situated individuals

Dated: September 20, 2018        By:   /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.

400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*