UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMANTHA GERRARD,

      Plaintiff,

v.                                                                                  18-cv-1041-JLS-LGF

ACARA SOLUTIONS INC.,

      Defendant.

---

## **DECISION AND ORDER**

Plaintiff Samantha Gerrard, on her behalf and on behalf of a putative class,[1] alleges that Defendant, Acara Solutions Inc., sent numerous unsolicited text messages to her cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA").

Acara moved to dismiss the Complaint on several grounds, including that the alleged messages were neither "advertisements" nor "telemarketing" within the meaning of the TCPA and its implementing regulations. The Magistrate Judge recommended denying Acara's motion to dismiss.[2] Dkt. 20.

---

[1] Gerrard's First Cause of Action is brought on behalf of herself and the "Autodialed No Consent Class." *See* Dkt. 1 at ¶¶ 33-36. Her Second Cause of Action is brought on behalf of herself and "the Autodialed Stop Class." *Id.* at ¶¶ 37-40.

[2] On December 10, 2018, United States Magistrate Judge Leslie G. Foschio was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 6. This case, originally assigned to United States District Judge Lawrence J. Vilardo, was reassigned to the undersigned on January 5, 2020. Dkt. 29.

This Court is not persuaded. The text messages at issue alert Gerrard to an employment opportunity. They do not constitute advertisements or telemarketing within the meaning of the TCPA's implementing regulations. Gerrard, therefore, fails to state a claim under the TCPA. Her Complaint is dismissed with prejudice.

## BACKGROUND

Gerrard alleges that, beginning in early 2018, Acara, doing business as Superior Group,[3] sent "over 240 unsolicited, unwanted autodialed text messages" to her cellular phone. Dkt. 1 at ¶¶ 4, 16. Gerrard alleges that she received 210 autodialed messages on a single day—the majority of which "contained exactly the same text" regarding a job opening. *Id.* at ¶ 18. Specifically, the text messages stated: "Hi, Superior Group has [a] job opening for Material Handler/Production Operator at Buffalo Grove, [Illinois]. Contract position." *Id.*

Gerrard alleges that she "does not have a relationship with Superior Group and has never consented to any contact from [Acara]." *See* Dkt. 1 at ¶ 21. Gerrard also states that she twice asked the sender to stop. *See id.* at ¶ 4; *see also id.* at ¶ 19 (responding to the text messages and asking the sender to "stop spamming [her] phone"). Nonetheless, she continued to receive similar text messages about this job opening. *See id.* at ¶ 20 (receiving similar text messages about the contract position). Some of the alleged text messages directed her to "call/text Amy" at a

---

[3] Gerrard alleges that Superior Group is a "staffing and recruiting company that solicits consumers for jobs on behalf [of] clients needing employees." *See* Dkt. 1 at ¶ 1, n.1. Gerrard further alleges that Superior Group uses "SmartSearch," a "recruiting business software to mass-text solicitations for job openings to consumers." *Id.* at ¶ 10.

certain phone number if she was "interested" in the position. *Id.* Gerrard further alleges that the text messages were sent using an automatic telephone dialing system ("ATDS"). *See, e.g.*, *id.* at ¶¶ 17, 24.

In sum, Gerrard alleges that Acara's sending of "unsolicited, unwanted autodialed text messages to [her] soliciting her for job offers" violated 47 U.S.C. § 227(b)(1)(A)(iii). *See* Dkt. 1 at ¶ 17; *see also id.* at ¶¶ 36, 40.

Acara moved to dismiss the Complaint. Dkt. 5. Acara argued that "informational employment opportunity messages," like the type received by Gerrard, do not constitute advertising or telemarketing under 47 C.F.R. § 64.1200(f)(1) and 47 C.F.R. § 64.1200(f)(12), respectively, and that Gerrard therefore cannot state a claim under the TCPA as a matter of law. *See, e.g.*, Dkt. 5-1 at 8-10. In addition, Acara argued that Gerrard does not plausibly allege the use of an ATDS. *Id.* at 10-14. Magistrate Judge Foschio issued a Report and Recommendation on June 27, 2019, which recommended denying Acara's motion to dismiss. Dkt. 20.

Acara objected to the R&R. Dkt. 24. As to the alleged ATDS use, Acara argued that Judge Foschio improperly relied upon independent internet research, reached speculative factual conclusions, and gave undue weight to a non-precedential memorandum. *Id.* at 9-27. Acara also objected to the R&R's conclusion that employment opportunity and recruitment messages constitute actionable telemarketing under the TCPA. *Id.* at 27-28.

## STANDARD OF REVIEW

District courts may accept, reject, or modify the findings or recommendations of a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). District courts must review *de novo* the "portions of the report or specified proposed findings or recommendations" to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I. The TCPA and its Implementing Regulations

Gerrard alleges that Acara violated 47 U.S.C. § 227(b)(1)(A)(iii), a provision of the TCPA that prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any . . . cellular telephone service, . . . or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

The TCPA authorizes the Federal Communications Commission to promulgate regulations to implement the TCPA's requirements. *See* 47 U.S.C. § 227(b)(2). With respect to 47 U.S.C. § 227(b)(1)(A)(iii) specifically—the subsection of the TCPA that Acara allegedly violated—such implementing regulations can "exempt . . . calls to a telephone number assigned to a cellular telephone service that are not charged to the calling party, subject to such conditions as the

Commission may prescribe as necessary in the interest of . . . privacy rights . . . ." *See* 47 U.S.C. § 227(b)(2)(C).[4]

The implementing regulations, in turn and in relevant part, provide that, "[e]xcept as provided in [47 C.F.R. § 64.1200(a)(2)]," no person shall "initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system . . . [t]o any telephone number assigned to a . . . cellular telephone service . . . ." *See* 47 C.F.R. § 64.1200(a)(1).

And 47 C.F.R. § 64.1200(a)(2), for its part, provides that no person shall initiate or cause to initiate a "telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system," to a cellular telephone service, "other than a call made with the prior written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate' . . . ."

When the statute and regulations are read together, the prohibited activity narrows, and the dispositive question is whether Acara initiated, or caused to be

---

[4] This case addresses text messages. The statute and regulations address "calls" to cellular phones. The parties do not raise the issue. In other cases, courts assume that text messages are covered. *See, e.g.*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [47 U.S.C.] § 227(b)(1)(A)(iii).").

5

initiated, a text message that "includes or introduces an advertisement or constitutes telemarketing." *See* 47 C.F.R. § 64.1200(a)(2).

## II. The Text Messages at Issue

In analyzing whether Acara's text messages constitute an advertisement or telemarketing under 47 C.F.R. § 64.1200(a)(2), the Court examines the definition of each as set forth in the TCPA's implementing regulations. The regulations define an advertisement as "any material advertising the commercial availability or quality of any property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(1). And "telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *See* 47 C.F.R. § 64.1200(f)(12).

Accepting Gerrard's allegations as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Court concludes that none of the text messages identified in the Complaint constitutes an advertisement or telemarketing within the meaning of the TCPA's implementing regulations. The text messages described in the Complaint merely reference an employment opportunity—specifically, a contract position as a "Material Handler/Production Operator" in Buffalo Grove, Illinois. Some messages also state that Gerrard, if interested in the position, should "call/text Amy" at a certain phone number. Such text messages do not involve "the commercial availability or quality of any property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(1). Nor do they "encourag[e] the purchase or rental of, or investment in," any "property, goods, or services." *See* 47 C.F.R. § 64.1200(f)(12). Thus, the text

6

messages are neither advertisements nor telemarketing, as those terms are defined in the TCPA's implementing regulations.

If this statute and these implementing regulations are given their ordinary meaning, this conclusion cannot be avoided. Indeed, other courts presented with recruitment-type messages or calls in analogous contexts have reached similar conclusions. *See, e.g., Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGS), 2013 WL 4102201, at *5-7 (S.D. Cal. Apr. 16, 2013) (dismissing complaint with prejudice where two calls to a residential landline were "similar to [an] offer of employment" and therefore were neither unsolicited advertisements nor telephone solicitations); *Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (dismissing complaint for failure to state a claim under the TCPA where the defendants faxed a "help wanted" ad to the plaintiff because "[a] company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property").

Because the text messages identified in the Complaint are neither advertisements nor telemarketing, Gerrard fails to state a claim under the TCPA. And repleading would be futile. "The problem with [Gerrard's TCPA claim] is substantive; better pleading will not cure it." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, Acara's motion to dismiss is granted.[5] Gerrard's Complaint is dismissed with prejudice.

---

[5] Because the Court dismisses Gerrard's Complaint on the basis that it fails to state a claim under the TCPA where the messages are neither advertisements nor telemarketing, the Court need not consider Acara's contention that Gerrard fails to

7

## **CONCLUSION**

For these reasons, the Court rejects the Report and Recommendation. Acara's motion to dismiss (Dkt. 5) is granted. Gerrard's Complaint (Dkt. 1) is dismissed with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:       June 30, 2020
             Buffalo, New York

s/ John L. Sinatra, Jr.
_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

plausibly plead the use of an ATDS. *See, e.g.*, Dkt. 24 at 10-27; *see also* Dkt. 20 at 21-48 (concluding that Gerrard failed to plausibly allege the use of an ATDS).